**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

MICHELLE MAYNARICH,

        Plaintiff,

v.                                        Case No. 20-12466

ALTA EQUIPMENT HOLDINGS, INC.,
KYLE HUSS, and
ALTA ENTERPRISES LLC,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO REMAND AND REMANDING STATE CLAIMS TO WAYNE COUNTY CIRCUIT COURT**

Plaintiff Michelle Maynarich brought this action in Wayne County Circuit Court on August 19, 2020. (ECF No. 1-2, PageID.32.) She claims Defendants committed age discrimination in violation of the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2201(a), retaliated against her for taking medical leave in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, and intentionally inflicted emotional distress. (*Id.*, PageID.28-32.)

Defendants removed this case to federal court on September 9, 2020. (ECF No. 1.) They stated the court had original jurisdiction over Plaintiff's FMLA claim, and could exercise supplemental jurisdiction over the remaining state claims. (*Id.*, PageID.3.) Plaintiff moves to remand the action, asserting the court has discretion to decline jurisdiction. (ECF No. 4.) Defendant has filed a response. (ECF No. 6.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, Plaintiff's motion will be granted in part.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States." "It is well established that removal of a state court action under § 1441 is proper only if the action originally could have been filed in federal court." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). Under 28 U.S.C. § 1331, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

Plaintiff's complaint facially pleads a violation of the FMLA, a federal statute. (ECF No. 1-2, PageID.30-31.) The court has jurisdiction, and as such will not remand the entire case. *See Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010) ("The federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress . . . one that is virtually unflagging."). Plaintiff points to language in the FMLA that permits actions "against any employer . . . in any Federal or State court," 29 U.S.C. § 2617(a)(2), to argue the court may decline jurisdiction. (ECF No. 4, PageID.86.) But allowing both state and federal courts to hear FMLA claims does not mean such claims fall outside federal law for federal jurisdiction purposes. *See* 28 U.S.C. § 1331; *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006) ("Where . . . a plaintiff asserts that the FMLA entitles him to relief, the district court must exercise subject-matter jurisdiction.").

Plaintiff appears to argue this case can be remanded if the court declined supplemental jurisdiction. (ECF No. 4, PageID.86.) While that argument fails for Plaintiff's FMLA claim, as that claim falls under federal question jurisdiction, the court agrees with regard to Plaintiff's state claims.

A court may decline supplemental jurisdiction where "the claim raises a novel or complex issue of [s]tate law." 28 U.S.C. § 1367(c)(1). In making this determination, the court considers several factors, including "the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Pinney Dock & Trasp. Co. v. Penn Cent. Corp.*, 196 F.3d 617, 620 (6th Cir. 1999) (quotation removed).

Plaintiff's state claims are complex and distinct from her FMLA claim. Plaintiff's age discrimination claim falls under a state statute with different, and intricate, standards and proofs. *Compare Major v. Vill. of Newberry*, 316 Mich. App. 527, 892 N.W.2d 402, 413 (2016) (allowing for a proof of age discrimination by showing the plaintiff "(1) . . . was a member of the protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) she was replaced by a younger person."), *with Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (A FMLA plaintiff must show "(1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action."). Alleging that Defendants engaged in a long-running "pattern and practice of discriminatory conduct . . . because of . . . age," (ECF No. 1-2, PageID.28-29), is broader and more multifaceted than tailored

3

allegations that Defendants retaliated against Plaintiff for taking time off for a surgery, (*id.*, PageID.30).

Intentional infliction of emotional distress has an amorphous standard. "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v. Mills*, 212 Mich. App. 73, 536 N.W.2d 824, 833 (1995). "[T]he case is generally one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* at 834. How to apply this in a complex employer-employee setting would present the court with challenging state legal questions.

Retaining jurisdiction may result in more complex and technical state claims overshadowing Plaintiff's sole federal claim. *See* 28 U.S.C. § 1367(c)(2) (allowing the court to decline supplemental jurisdiction if state claims "substantially predominate[]"). Further, presenting separate categories of evidence for nuanced state claims may run the risk of jury confusion. *See* 28 U.S.C. § 1367(c)(2) (permitting the court to decline supplemental jurisdiction where "there are other compelling reasons").

In all, the court believes state courts are in a better position to analyze Plaintiff's state claims. The parties will be provided more definitive, and accurate, rulings. State courts will also have the opportunity to establish consistent standards under their own law. The court will retain Plaintiff's FMLA claim but remand Plaintiff's state claims. *See Cohill*, 484 U.S. at 357 (permitting district courts to remand state claims after declining supplemental jurisdiction). Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Remand" (ECF No. 4) is GRANTED IN PART. Plaintiff's claims under the Elliot-Larsen Civil Rights Act (Count I) and Intentional Infliction of Emotional Distress (Count III) are REMANDED to Wayne County Circuit Court.

s/Robert H. Cleland                /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12466.MAYNARICH.MotiontoRemand.RMK.docx